UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------X

DONTAE DEGREE,

                        Petitioner,

        -against-

JOSEPH COREY,

                        Respondent.

----------------------------------------------------------------X

**ORDER**

21 Civ. 11012 (CS)(JCM)

Petitioner Dontae Degree ("Petitioner") brings this *pro se* habeas petition pursuant to 28 U.S.C. § 2254, challenging his state court conviction following a jury trial in New York State County Court, Westchester County. (Docket No. 1) ("Petition"). By letter dated February 5, 2023, Petitioner requests that the Petition be stayed and held in abeyance for Petitioner to pursue a petition for a writ of error *coram nobis*. (Docket No. 25). Respondent Joseph Corey ("Respondent") opposed Petitioner's motion to stay on April 18, 2023, (Docket No. 29),[1] which was accompanied by a memorandum of law, (Docket No. 29-1). For the reasons set forth below, Petitioner's request is denied.

**I. BACKGROUND**

The Court limits the background facts to those necessary to resolve the present application. The instant Petition stems from an incident that occurred in August 2015, during which Petitioner shot Kenneth Hill ("Hill") and Roylin Fairclough in Yonkers, New York.[2] (*See,*

---

[1] Respondent filed identical affidavits opposing Petitioner's motion to stay on April 18, 2023. (*See* Docket Nos. 28; 29).

[2] Construing the evidence in the light most favorable to the State, *see, e.g.*, *Murden v. Artuz*, 497 F.3d 178, 184 (2d Cir. 2007), the facts stated herein were established at trial.

*e.g.*, Docket No. 16-1 at 231–32). Hill died from his injuries. (*Id.* at 231). Petitioner was charged by indictment on October 27, 2015. (*See* Docket No. 16-6 at 12). The Honorable Barbara G. Zambelli presided over Petitioner's jury trial, which took place from January 18, 2017 to February 8, 2017. (Docket Nos. 16; 16-4 at 75[3]). Petitioner was convicted on February 10, 2017 of Murder in the Second Degree, Attempted Murder in the Second Degree, Assault in the First Degree, and Criminal Possession of a Weapon in the Second Degree. (Docket No. 16-6 at 13).

On June 8, 2017, Petitioner, through counsel Richard A. Portale, Esq. ("Portale"), moved to set aside the verdict against him pursuant to New York Criminal Procedure Law § 330.30. (Docket No. 15-1). The crux of Petitioner's § 330.30 motion was Petitioner's allegation that an empaneled juror withheld the fact that she was engaged to one of Hill's close friends. (*Id.* at 7–8). The People opposed Petitioner's § 330.30 motion, which was denied on July 18, 2017. (Docket No. 15-3). Petitioner, through new counsel, Michael F. Keesee, Esq. ("Keesee"), moved for leave to renew and reargue Petitioner's § 330.30 motion in September 2017, (Docket No. 15-4), which the People opposed, (Docket No. 15-5), and which was denied on October 12, 2017, (Docket No. 15-6).

On October 25, 2017, Petitioner was sentenced to 25-years-to-life imprisonment for Murder in the Second Degree.[4] (Docket No. 16-6 at 12). The same day, through Keesee, Petitioner appealed his conviction to the Supreme Court of the State of New York, Appellate Division, Second Judicial Department ("Appellate Division"), (Docket No. 15-7), which the

---

[3] All page numbers refer to the pagination on ECF unless otherwise specified.

[4] Petitioner was also sentenced to 25-years imprisonment with 5years of post-release supervision for Attempted Murder in the Second Degree, 25-years imprisonment with 5 years of post-release supervision for Assault in the First Degree, and 15-years imprisonment with 5 years of post-release supervision for Criminal Possession of a Weapon in the First Degree. (Docket No. 16-6 at 12–13).

People opposed, (Docket Nos. 15-16, 15-19).  By Decision and Order dated August 6, 2020, the Appellate Division affirmed the judgment against Petitioner. *See People v. Degree*, 186 A.D.3d 501 (2d Dep't 2020).  Petitioner sought leave to appeal to the New York State Court of Appeals ("Court of Appeals") on August 20, 2020, (Docket No. 15-24), which the People opposed on October 2, 2020, (Docket No. 15-25), and which was denied on December 8, 2020, (Docket No. 15-26).

The instant Petition was filed on December 14, 2021. (Petition at 15).  It raises four claims: (1) the evidence was insufficient to support the verdict, (*id.* at 6); (2) the trial court did not properly address juror misconduct; (*id.* at 7); (3) the trial court's preclusion of cross-examination testimony of certain witnesses was error, (*id.* at 9); and (4) ineffective assistance of trial counsel, (*id.* at 10).

On January 23, 2023, Petitioner filed a short letter requesting a stay while he pursues a writ of error *coram nobis* in state court. (Docket No. 22).  On January 31, 2023, the undersigned denied Petitioner's motion without prejudice and instructed Petitioner to file a motion setting forth his arguments supporting a stay. (Docket No. 23).  On February 21, 2023, Petitioner filed the instant motion, seeking a "stay and [a]beyance" of his Petition, (Docket No. 25), which Respondent opposed, (Docket No. 29).  The Petitioner's motion included a copy of his *pro se coram nobis* application that he filed in the Appellate Division on July 7, 2022, which raised three claims of ineffective assistance of appellate counsel. (*See* Docket No. 25-1).

## II. LEGAL STANDARD

### A. Standard to Stay

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court clarified the district courts' authority to issue a stay and abeyance of habeas corpus petitions in limited circumstances.  The

purpose of the stay and abeyance mechanism is "to allow the petitioner to present his unexhausted claims to the state court in the first instance, and then to return to the federal court for review of his perfected petition." 544 U.S. at 271–72.  Thus, as a preliminary matter, only a "mixed petition," one that contains both exhausted and unexhausted claims, may be stayed and held in abeyance. *See id.* at 278; *accord Ortiz v. Heath*, No. 10–CV–1492 (KAM), 2011 WL 1331509, at *14 (E.D.N.Y. Apr. 6, 2011) (stay and abeyance procedure only applies to mixed petitions).[5]  Additionally, a stay and abeyance may only be granted if: "(1) good cause exists for the petitioner's failure to exhaust his claims in state court; (2) the unexhausted claims are not 'plainly meritless'[;] and (3) the petitioner has not engaged in intentionally dilatory litigation tactics." *Ortiz*, 2011 WL 1331509, at *14 (citing *Rhines*, 544 U.S. at 277–78).

**B.  Standard to Amend**

Rule 15 of the Federal Rules of Civil Procedure ("Federal Rules"), made applicable to habeas proceedings by 28 U.S.C. § 2242, Federal Rule 81(a)(4), and Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), "allow[] pleading amendments with 'leave of court' any time during a proceeding." *Mayle v. Felix*, 545 U.S. 644, 655 (2005) (quoting Fed. R. Civ. P. 15(a)).  However, this rule is limited by the one-year statute of limitations period set forth by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* 28 U.S.C. § 2244(d)(1); *Mayle*, 545 U.S. at 654.  Therefore, if an amendment is filed after AEDPA's limitations period has expired, a new claim is untimely unless it relates back to the claims in the original, timely petition. *Mayle*, 545 U.S. at 655 (citing

---

[5] If Petitioner does not have access to cases cited herein that are available only by electronic database, then he may request copies from Respondent's counsel. *See* Local Civ. R. 7.2 ("Upon request, counsel shall provide the pro se litigant with copies of such unpublished cases and other authorities as are cited in a decision of the Court and were not previously cited by any party.").

Fed. R. Civ. P. 15(c)(2)).  An amendment relates back to the original petition if it asserts new grounds for relief based on the same conduct, transactions, or occurrences as those claims in the initial petition. *See Landri v. Smith*, 14-cv-9233(NSR) (JCM), 2016 WL 828139, at *3 (S.D.N.Y. Feb. 29, 2016) (citing *Pierre v. Ercole*, 607 F. Supp. 2d 605, 608 (S.D.N.Y. 2009)).

Furthermore, leave to amend should be denied where the proposed new claim would be futile, either because it fails to comply with the aforementioned procedural requirements, or it lacks merit. *See, e.g.*, *Ortiz*, 2011 WL 1331509, at *14; *Hoover v. Senkowski*, No. 00 CV 2662(SJ), 2003 WL 21313726, at *11–12 (E.D.N.Y. May 24, 2003); *see also Mayle*, 545 U.S. at 656 (Habeas Rule 4 mandates that a Court "'summarily dismiss'" a petition if "'it plainly appears . . . that the petitioner is not entitled to relief in the district court.'") (quoting Habeas Rule 4).

### III.  DISCUSSION

Construing the *pro se* Petitioner's submission liberally,[6] the Court interprets Petitioner's filing as a motion to: (1) amend the Petition to add the ineffective-assistance-of-appellate-counsel claims raised in Petitioner's *coram nobis* application, and (2) stay the Petition during the pendency of Petitioner's *coram nobis* application before the Appellate Division.  The Court will address each request in turn.

### A.  Motion to Amend

The ineffective-assistance-of-appellate-counsel claims Petitioner seeks to add to his Petition are untimely under AEDPA. *See* 28 U.S.C. § 2255(f).  "Courts calculate the relevant [AEDPA] limitations period from the latest of four benchmark dates: (1) the date on which the

---

[6] "[T]he pleadings of a *pro se* plaintiff must be read liberally and should be interpreted to raise the strongest arguments that they suggest." *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) (internal quotations omitted).

judgment of conviction becomes final [under § 2244(d)(1)(A)]; (2) the date a government-created impediment to making such a motion is removed [under § 2244(d)(1)(B)]; (2) the date on which the right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review [under § 2244(d)(1)(C)]; or (4) the date on which the facts supporting the claim(s) could have been discovered through the exercise of due diligence [under § 2244(d)(1)(D)]." *Gil v. United States*, No. 10 Civ. 8907 (CM), 2010 WL 5298848, at *1 (S.D.N.Y. Dec. 21, 2010) (citing 28 U.S.C. § 2255).

Since Petitioner seeks to add ineffective-assistance-of-appellate-counsel claims, "the factual predicate of petitioner's … claim[s] could clearly have been discovered as of the date counsel filed his appellate brief," rendering § 2244(d)(1)(D) inapplicable for purposes of calculating timeliness. *See Williams v. Ercole*, No. CV–09–0363 (SJF), 2009 WL 1974433, at *3 (E.D.N.Y. July 7, 2009) (addressing motion to amend petition to add ineffective-assistance-of-appellate-counsel claims). Sections 2244(d)(1)(B) and (C) are similarly impertinent, as there are no allegations of a state impediment preventing Petitioner from filing his ineffective-assistance-of-appellate-counsel claims on time, nor was a newly recognized Supreme Court right made retroactively applicable to habeas cases that impacted the timing of Petitioner's filing. *See id.* Thus, the appropriate benchmark date from which to measure the limitations period is "the date on which the judgment became final by the conclusion of direct review" pursuant to 28 U.S.C. § 2244(d)(1)(A). Accordingly, the one-year limitations period began to run on December 8, 2020, i.e., the date on which the Court of Appeals denied Petitioner's application for leave to appeal, (Docket No. 15-26), and expired on December 8, 2021. *See* 28 U.S.C. § 2255(f). Petitioner filed his *coram nobis* petition on July 7, 2022. (Docket No. 25-1). The claims raised in the *coram nobis* petition are therefore untimely under the AEDPA. *See Mayle*, 545 U.S. at 654.

Consequently, the Court will only grant Petitioner leave to amend if the claims in his *coram nobis* application "relate back" to the claims in the Petition.

New claims relate back to claims in the original petition if they "arise out of the same 'conduct, transaction, or occurrence[s].'" *Pierre*, 607 F. Supp. 2d at 607 (quoting Fed. R. Civ. P. 15(c)(1)(B)). "The 'relation back' requirement has been narrowly construed." *Cotton v. Burge*, No. 08–CV–453S, 2009 WL 3165868, at *3 (W.D.N.Y. Sept. 26, 2009) (collecting cases).

Petitioner raises four claims in the original Petition: (1) that his conviction was not supported by legally sufficient evidence, (Petition at 6); (2) juror misconduct, (*id.* at 7); (3) that he was precluded from cross examining four witnesses, (*id.* at 9); and (4) ineffective assistance of trial counsel, (*id.* at 10). In his *coram nobis* petition, Petitioner raises several ineffective-assistance-of-appellate-counsel claims. (Docket No. 25-1). Specifically, he argues that appellate counsel Stephen A. Feldman ("Feldman"): (1) failed to argue that Keesee was ineffective in pursuing his motion to renew and reargue Petitioner's § 330.30 motion; and (2) failed to argue that Portale was ineffective for (a) not objecting to an allegedly coercive *Allen* charge; (b) not raising a conflict of interest issue at sentencing on the ground that Portale "represented Kenneth Hill['s] brother Vernon Mingo;" and (c) not asking for a mistrial in connection with a jury note. (*Id.* at 32–33).

The ineffective-assistance-of-appellate-counsel claims in the *coram nobis* petition do not arise out of the same "conduct, transaction, or occurrence," as any of the claims in the original Petition. *See* Fed. R. Civ. P. 15(c)(1)(B). Therefore, the claims in the *coram nobis* petition do not relate back to the claims in the Petition, which are all "acts or omissions [that occurred] during the *trial*." *Diaz v. Graham*, No. CV–07–5379(SJF), 2011 WL 1303924, at *3 (E.D.N.Y. Mar. 31, 2011) (emphasis added). Moreover, the claims in the Petition "differ[] in time and

type" from Petitioner's ineffective-assistance-of-appellate-counsel claims. *See, e.g.*, *Spells v. Lee*, No. 11–CV–1680 (KAM)(JMA), 2012 WL 3027540, at *6 (E.D.N.Y. May 23, 2012) ("the ineffective assistance of appellate counsel claim … does not relate back to the original petition" where "the factual basis for petitioner's original claim arises from his [] defense during trial [and] the factual basis for the proposed claim arises from his appeal."); *accord Williams*, 2009 WL 1974433, at *1, *4 (ineffective assistance of appellate counsel claim did not relate back to claims that, *inter alia*, verdict was based on legally insufficient evidence, the trial court improperly admitted impeachment testimony, and cumulative errors violated petitioner's due process rights, where new claims were "based upon discrete facts, *i.e.*, the contents of the appellate brief filed by appellate counsel and the investigation of appellate counsel, which are irrelevant to the claims … in the original petition"); *Jenkins v. Greene*, 646 F. Supp. 2d 615, 621 (S.D.N.Y. 2009) (claim of ineffective assistance of counsel at sentencing did not relate back to claim of ineffective assistance of counsel at plea negotiations, the latter of which occurred prior to trial, and rest "on facts that differ 'in both time and type' from those previously asserted") (quoting *Reiter v. U.S.*, 371 F. Supp. 2d 417, 424 (S.D.N.Y. 2005)).

Furthermore, Petitioner's claims of ineffective assistance of appellate counsel do not relate back to the claims of ineffective assistance of trial counsel raised in the Petition. "[B]ecause [Petitioner's]… newly-asserted ineffective assistance of counsel claims arise from a different proceeding, with a different lawyer, and are based on different grounds, they cannot relate back to [] originally filed ineffective assistance of counsel claims." *Ross v. Miller*, 14–CV–3098 (RA)(JLC), 2016 WL 1376611, at *27 (S.D.N.Y. Apr. 7, 2016) (denying amendment to include ineffective-assistance-of-appellate-counsel claims raised in *coram nobis* application) (collecting cases); *accord United States v. Murphy*, 01-CR-6087 (CJS), 2020 WL 2137166, at *5

n.15 (W.D.N.Y. Jan. 29, 2020) ("a claim of ineffective assistance of appellate counsel does not relate back to a claim of ineffective assistance of trial counsel, or vice versa, since the claims pertain to different attorneys and different venues."). Therefore, the claims raised in Petitioner's *coram nobis* application are untimely and do not relate back to the claims in the Petition. Accordingly, Petitioner's motion to amend is denied.

**B. Motion to Stay**

The district court has the authority to stay a petition and hold it in abeyance upon a showing of (1) "good cause" for failure to exhaust, (2) that the unexhausted claims are not "plainly meritless," and (3) that the petitioner did not engage "in intentionally dilatory litigation tactics." *Ortiz*, 2011 WL 1331509, at *14 (citing *Rhines*, 544 U.S. at 277–78). Petitioner carries the burden of demonstrating entitlement to a stay. *See, e.g.*, *Hammond v. Schneiderman*, No. 12–CV–01172F, 2014 WL 1316119, at *2 (W.D.N.Y. Mar. 31, 2014) (citing *Rhines*, 544 U.S. at 277).

At the outset, the stay-and-abeyance procedure is only available for mixed petitions. *See id.* Each of the four claims in the Petition are exhausted.[7] Therefore, the Petition is not "mixed," i.e., it does not contain both exhausted and unexhausted claims. *Ortiz*, 2011 WL 1331509, at *14. For this reason alone, Petitioner's motion to stay and abey should be denied. *See, e.g.*, *id.* ("The court need not address the motion to stay the Petition because … the petition [] contains only exhausted claims, and the stay-and-abeyance procedure applies only to petitions which contain unexhausted claims.").

---

[7] The claims raised in the Petition were properly raised before the Appellate Division, (*see* Docket No. 15-14 at 24–31, 32–46, 57–63, 64–72; *see also generally* Docket No. 15-19), and included in Petitioner's application for leave to appeal to the Court of Appeals, (Docket No. 15-24 at 3–6, 14–25, 29–33).

Regardless, Petitioner fails to meet the standard for a stay set forth in *Rhines*. In support of his application, Petitioner summarily asserts that "Because I have a[n] error coram nobis motion pending in the lower court … I would like to consolidate these strong issues raised in my error coram nobis in my habeas petition." (Docket No. 27 at 1). Petitioner's contention is insufficient to entitle him to a stay.

First, Petitioner fails to establish "good cause" for his delay in raising his ineffective assistance of appellate counsel claims. *See Chambers v. Conway*, No. 09 Civ. 2175(JGK), 2010 WL 2331974, at *1 (S.D.N.Y. June 9, 2010). To demonstrate good cause, Petitioner must show that "some factor external to the [P]etitioner gave rise to the" Petitioner's delay in bringing the claim they now wish to exhaust. *Whitley v. Ercole*, 509 F. Supp. 2d 410, 417 (S.D.N.Y. 2007). Petitioner does not articulate any reason, let alone an external factor, that prevented him from raising the ineffective-assistance-of-appellate-counsel claims he now asserts in his *coram nobis* application in his original Petition. Indeed, Petitioner's trial took place in 2017 and his direct appeal concluded in 2020. (Docket Nos. 16, 15-26). Petitioner does not explain why he did not include his ineffective-assistance-of-appellate-counsel claims in his Petition, which was filed on December 22, 2021, (Docket No. 1), or in his first motion to stay, which was filed on January 23, 2023, (Docket No. 22). *See Chambers*, 2010 WL 2331974, at *1 (denying motion to stay where "[t]he petitioner has not explained why he did not include his ineffective assistance of appellate counsel claim in his first motion to stay" and finding that "the petitioner should not be allowed to continue to delay review of his habeas petition."). Where, as here, Petitioner has not shown good cause, it would be an abuse of discretion for this Court to stay the Petition for Petitioner to exhaust his ineffective-assistance-of-counsel claims in state court. *See Rhines*, 544 U.S. at 277 ("Because granting a stay effectively excuses a petitioner's failure to present his claims first to

the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.").

Second, the Court finds that Petitioner's ineffective-assistance-of-counsel claims are plainly meritless. As discussed *supra*, Section III.A, these claims are time barred and do not relate back to the claims in the original Petition, rendering them facially meritless. *See, e.g.*, *Curran v. Keyser*, 19-CV-4196(CS)(LMS), 2020 WL 3318128, *4 (S.D.N.Y. June 18, 2020) ("granting a stay in this case would be inappropriate since the new claim … is dismissible as time-barred"); *accord Cotton*, 2009 WL 3165868, at *4 ("the new claim (ineffective assistance of appellate counsel) is time barred and plainly meritless, and thus not an appropriate occasion for a stay under *Rhines*.") (internal citation omitted). Third, although "there is no indication that" Petitioner "engaged in intentionally dilatory tactics," *see Rhines*, 544 U.S. at 278, the absence of this factor does not preclude the Court from denying Petitioner's motion to stay, *see, e.g.*, *Ortiz*, 2011 WL 1331509, at *15. Consequently, Petitioner's request for a stay is denied.

**IV. CONCLUSION**

For the foregoing reasons, Petitioner's applications for a stay and for leave to amend the Petition are denied. The Clerk of Court is respectfully requested to mail a copy of this Order to the *pro se* Petitioner.

Dated:   June 13, 2023
         White Plains, New York

**SO ORDERED:**

_____
JUDITH C. McCARTHY
United States Magistrate Judge
