UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x
DONTAE DEGREE,

                         Petitioner,

            -against-                                ORDER

JOSEPH COREY, Superintendent,                        No. 21-CV-11012 (CS) (JCM)

                         Respondent.
-----------------------------------------------------x

Seibel, J.

        Before the Court are Petitioner's objections, (ECF No. 39 ("Obj.")), to the Report and

Recommendation of United States Magistrate Judge Judith C. McCarthy, (ECF No. 35 (the

"R&R")), recommending that this Court deny Petitioner's application for a writ of *habeas

corpus*, and Respondent's reply thereto, (ECF No. 43).[1]  The Court assumes the parties'

familiarity with the underlying facts, prior proceedings in the case, the R&R, and the standards

governing petitions pursuant to 28 U.S.C. § 2254.

_____

        [1]The R&R was issued on January 19, 2024, and Petitioner's objections were due
seventeen days from receipt.  Petitioner's objections were not filed until February 26, 2024.  In
the meantime, however, judgment had been entered on February 15, 2024.  (ECF No. 37.)  But
Petitioner thereafter alleged by letter that he received the R&R on January 26, 2024, and gave his
objections to prison officials for mailing on February 6, 2024.  (ECF No. 38.)  He included forms
indicating that he requested funds for mailing the objections on that date.  (*Id.*)  Respondent took
no position on whether I should consider the objections or as to what procedural mechanism
might allow for such consideration.  (ECF No. 41.)  In an excess of caution, I deemed the
objections to be a motion under Federal Rule of Civil Procedure 60(b)(6) for relief from
judgment, and granted it.  (ECF No. 42.)  Because I was considering the objections on the merits,
I gave Respondent time to reply, which he did.  (ECF No. 43.)  Contrary to Respondent's
suggestion, (*id.* at 1, 3), the decision to vacate the judgment and consider the objections pursuant
to Rule 60 turned not on merit of the objections, which I find lacking as explained below, but on
the circumstances surrounding the Court's entry of judgment before having the opportunity to
consider the objections.

A District Court reviewing a report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  The district court "may adopt those portions of the report to which no 'specific, written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law."  *Adams v. N.Y. State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012) (quoting Fed. R. Civ. P. 72(b)) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)).  "A party that objects to a report and recommendation must point out the specific portions of the report and recommendation to which they object."  *J.P.T. Auto., Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 659 F. Supp. 2d 350, 352 (E.D.N.Y. 2009).  If a party fails to object to a particular portion of a report and recommendation, further review thereof is generally precluded.  *See Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002).  The court must review *de novo* any portion of the report to which a specific objection is made.  *See* 28 U.S.C. § 636(b)(1)(C); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).  When a party makes only conclusory or general objections, or merely reiterates the original arguments made below, a court will review the report only for clear error.  *Alaimo v. Bd. of Educ.*, 650 F. Supp. 2d 289, 291 (S.D.N.Y. 2009).  "Furthermore, [even] on *de novo* review, the Court generally does not consider arguments or evidence which could have been, but were not, presented to the Magistrate Judge."  *United States v. Vega*, 386 F. Supp. 2d 161, 163 (W.D.N.Y. 2005).

Petitioner first objects that the R&R erroneously concluded that his claim of legally insufficient evidence was unpreserved for review.  (Obj. at 1; *see* R&R at 13-16.)  What the R&R found was that the Second Department's denial of the sufficiency claim on procedural grounds –

2

specifically, that the claim was not preserved for review under state law because Petitioner made only a general motion for dismissal and did not specify that he was arguing that the evidence was legally insufficient – was an adequate and independent state law ground precluding federal *habeas* review.  (R&R at 13-15.)  Petitioner states only that that conclusion is "belied by the record" and an "exorbitant application" of state law, (Obj. at 1), but does not explain why or how, or point to anything in the record.  This is a conclusory or general objection, so I review only for clear error, and find none.  Petitioner does not attempt to argue cause and prejudice for the procedural default, but rather contends that the exception for miscarriage of justice should apply.  (*Id.*)  Evaluation of that arguments meld with the merits of the claim, as Petitioner's claim for miscarriage of justice is that the evidence was not sufficient.  I agree with the Appellate Division, *see People v. Degree*, 128 N.Y.S.3d 631, 633 (2d Dep't 2020), and Judge McCarthy, (R&R at 17-19), that the evidence was legally sufficient.  The prosecution presented a strong circumstantial case, and therefore I find no miscarriage of justice and would, if I reached the merits, find no federal constitutional violation in the Appellate Division's conclusion that the evidence was sufficient to establish Defendant's guilt beyond a reasonable doubt.

Next Petitioner objects that the Magistrate Judge reached an unreasonable determination of fact in finding no constitutional violation from the trial court's decision not to hold a hearing on Petitioner's allegation of juror misconduct, contending that the R&R disregarded the fact that Petitioner provided, as part of his motion to renew, affidavits that contradicted those that the prosecution had provided in opposition to the original motion.  (Obj. at 2.)

On June 8, 2017, Petitioner filed a motion under New York Criminal Procedure Law ("CPL") § 330.30(2) to set aside the verdict for juror misconduct, (ECF No. 15-1), and the trial

3

court denied it on July 18, 2017, (ECF No. 15-3).  The trial court noted that not only had

Petitioner failed to carry his burden under CPL § 330.30(2) to show that he did not know of the

factual basis for the motion before the verdict, (ECF No. 15-3 at 10-11), but he had also failed to

comply with CPL § 330.40(2)(a), which requires the movant to support his allegations with

sworn affidavits either on personal knowledge or on information and belief, the sources of which

are set forth, (*id.* at 10).  On October 4, 2017, Petitioner sought to renew and reargue the motion,

this time including affidavits from two of Petitioner's aunts that supported a portion of the

allegations.  (ECF No. 15-4.)  The trial court denied the motion, noting that under state law it

lacked the discretion to permit renewal when the moving party had not presented a justification

for not presenting the material originally, (ECF No. 15-6 at 3), and that in any event the affidavits

showed only a dispute over the extent to which the juror was acquainted with relatives of

Petitioner and did not show any respect in which the jury's deliberations were tainted, (*id.* at 3-

4).

In the R&R Judge McCarthy noted, as had the trial judge, that Petitioner had not

submitted sworn testimony in support of his § 330.30 motion, (R&R at 22), but there is nothing

inaccurate about that observation, and Petitioner does not contend otherwise.  His objection is

that the R&R does not mention that after the motion had been denied, Petitioner submitted

affidavits as part of a motion to renew.  For the following reasons, that does not entitle him to

relief.

Petitioner appealed the trial court's denial of the § 330.30 motion, but did not appeal the

denial of the motion to renew.  (*See* ECF 15-14 at 46-52.)  Federal review of the latter ruling is

therefore barred for failure to exhaust.  *See* 28 U.S.C. § 2254(b); *Turner v. Artuz*, 262 F.3d 118,

4

123 (2d Cir. 2001).  Moreover, even if Petitioner had exhausted the claim, the lack of justification for not providing the affidavits with the § 330.30 motion was an adequate and independent state-law ground for denial of the renewal motion that would also preclude *habeas* review.  *See Cone v. Bell*, 556 U.S. 449, 465 (2009); *cf. Taus v. Senkowski*, 293 F. Supp. 2d 238, 250 (E.D.N.Y. 2003) (Appellate Division's denial of § 330.30 motion without hearing for lack of supporting affidavit was independent state procedural bar precluding federal review), *aff'd*, 134 F. App'x 468 (2d Cir. 2005).  Finally, in any event, the affidavits showed only a dispute over the extent to which the juror had crossed paths with Petitioner's relatives, but nothing in them suggested that the juror knew anything about the case apart from what she learned in court or had any bias against Petitioner.

Accordingly, the R&R's failure to discuss those affidavits does not undermine its conclusion that the trial court's denial of the motion to vacate the verdict for jury misconduct was not contrary to, or an unreasonable application of, federal law.

Next, Petitioner objects that in evaluating his claim that the trial judge improperly restricted cross-examination on four occasions, the R&R describes that claim as arising under the confrontation clause, when Petitioner also intended to allege a violation of his due process right to present a defense.  (Obj. At 2.)  He further objects to the conclusion that the claim was unpreserved, noting that his counsel objected in each instance, and states that the trial record "belies" the R&R's conclusion that the trial judge sustained objections to avoid jury confusion from speculative questions.  (*Id.* at 2-3.)  The latter objection is conclusory and general, and I find no clear error in the R&R's finding, as the objections were sustained to questions that were intended to suggest that the shooting might have been committed by some other, unknown

individual as to whom there was no evidence. *See Wade v. Mantello*, 333 F.3d 51, 60-62 (2d Cir. 2003) (no constitutional violation from exclusion of evidence of rival gang's motive to harm victim, because in absence of link between purported alternative perpetrator and murder, such evidence invites speculation and confusion).[2]  As to preservation, Petitioner alleges that his lawyer objected, but he does not dispute or even address the R&R's correct conclusion that a mere objection, without asserting a federal constitutional right to pursue the excluded matter, does not suffice to preserve the constitutional issue for appellate review under state law, and that it is therefore not cognizable on *habeas* review. (R&R at 23-24.)  Finally, the objection that the Magistrate Judge framed the issued as solely confrontation, rather than confrontation and due process, not only demonstrates the wisdom of the state's rule, but makes no difference: assuming Petitioner meant his petition to raise both provisions, neither was preserved for review.

Finally, Petitioner objects to the R&R's finding that he was not entitled to relief based on ineffective assistance of counsel.  (Obj. at 3-4.)  He alleges that his lawyer provided substandard

---

[2]One of the questions was whether the deceased victim was a gang member; another was about that victim's tattoos; a third asked whether one could tell from a photo whether someone had borrowed Petitioner's car; and the fourth related to an individual stopped near the crime scene who nobody identified as the shooter.  (*See* R&R at 25-26.)  Petitioner misleadingly describes the fourth exchange, involving the questioning of witness Jose Ferreiras.  The question to which the objection was sustained was not, as Petitioner argued, "whether witness Jose Ferreiras had attempted to make an identification of a different suspect who had already been detained by the police." (ECF No. 19 at 9.)  Had the trial court excluded evidence that the witness had identified somebody else as the shooter, that might well have been a problem.  But no such evidence was excluded.  Indeed, the witness had already testified that he did not see the shooter's face, (ECF No. 16 ("Tr.") at 991), that the shooter left the scene in a car, (Tr. 993), and that when the police drove him by someone they had detained nearby, he could not say if that was the shooter, (Tr. 1607).  At the page Petitioner cites, (Tr. 1015), his counsel was attempting to ask the witness why the police took him to the show-up, which was asking him to speculate, and whether he had told the police "this isn't the guy, I saw the guy get into a car," which was cumulative and irrelevant, as the witness had already testified that he had told the police he could not identify the man in the show-up as the shooter.

representation because, having successfully moved to keep Petitioner's criminal record out of

evidence, he opened to the door to such evidence by questioning Petitioner's girlfriend, who was

testifying as a prosecution witness, about Petitioner being a calm and non-violent person who did

not like weapons.  (*Id.*; *see* Tr. 793-94.)[3]  The Magistrate Judge correctly noted that the Appellate

Division's rejection of that claim was entitled to "doubl[e] deference."  (R&R at 28 (citing *Burt*

*v. Titlow*, 571 U.S. 12, 15 (2013)).  She further found that those questions were a strategic

attempt to raise doubt as to whether Petitioner was capable of committing the crime; that

strategic calls cannot support a claim of substandard performance even if they do not work out;

and that in any event Petitioner had not shown that the outcome of the proceeding would have

been different had counsel not opened the door.  (R&R at 29-30.)  Petitioner cites *Harrington v.*

*Richter*, 562 U.S. 86, 109 (2011), for the proposition that a reviewing court may not engage in

"post hoc rationalization" in evaluating whether actions by counsel that backfire are insulated

from review as strategic calls, and alleges that that is what the Magistrate Judge did.  (Obj. at 3.)

   *Harrington* does not stand for cited proposition, but rather suggests the opposite.  The

Court there stated:

> Although courts may not indulge post hoc rationalization for counsel's decisionmaking
> *that contradicts the available evidence of counsel's actions*, neither may they insist
> counsel confirm every aspect of the strategic basis for his or her actions. There is a strong
> presumption that counsel's attention to certain issues to the exclusion of others reflects
> trial tactics rather than sheer neglect.  *Strickland [v. Washington*, 466 U.S. 668 (1984)]
> calls for an inquiry into the objective reasonableness of counsel's performance, not
> counsel's subjective state of mind.

---

[3]The trial court held that the prosecution could ask the witness if her view would change
if she knew that Petitioner had been convicted of assault and firearms charges, (Tr. 801-02), and
the prosecution confined itself to those questions, to which the witness answered no, (Tr. 803-
04).  The jury had been instructed that questions are not evidence, (Tr. 292-93), and the
convictions were not otherwise mentioned.

*Id.* at 109-10 (internal quotation marks, citations and alterations omitted) (emphasis added).  The Magistrate Judge did not engage in prohibited post hoc rationalization, because the strategic basis for counsel's conduct that she identified was not contradicted by the record.  Indeed, to the contrary, the record contains Petitioner's counsel's description of his strategy: he said he crafted his questions to be confined to the period when the witness knew Petitioner, in the belief that he could thereby bring out evidence of character that would not open the door.  (Tr. 801; *see* Tr. 797-98.)  But even if counsel had not explained his reasoning, the existence of an objective strategic reason is sufficient to defeat Petitioner's claim.  *See Harrington*, 562 U.S. at 110; *Strickland*, 466 U.S. at 688.  And that counsel's strategy did not work does not make it any less strategic or any less insulated from review.  *See Cuevas v. Henderson*, 801 F.2d 586, 590 (2d Cir. 1986) (denying ineffective assistance claim based on counsel's questioning that opened the door to damaging evidence); *Trapnell v. United States*, 725 F.2d 149, 155 (2d Cir.1983) ("[W]e have repeatedly noted our reluctance to second-guess matters of trial strategy simply because the chosen strategy was not successful.").  Petitioner has not shown substandard performance, so I need not address Petitioner's objection to the finding that Petitioner had not shown that the outcome of the proceeding would have been different, except to note that it essentially mirrors the already rejected sufficiency claim.

In short, Petitioner's objections, which I have reviewed *de novo*, are without merit, and I find no error, clear or otherwise, in the portions of the R&R as to which no objection has been raised.

Accordingly, the R&R is adopted as the decision of the Court.  The Petition is dismissed.
As the Petition makes no substantial showing of the denial of a constitutional right, a certificate
of appealability will not issue.  28 U.S.C. § 2253(c)(2).

As set forth in footnote 1 above, the judgment entered on February 15, 2024, (ECF No.
37), is vacated pursuant to Rule 60(b)(6).  The Clerk of Court is respectfully directed to enter a
new judgment for Respondent.

**SO ORDERED.**

Dated:  May 2, 2024
          White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.